UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>         Petitioner,<br><br>v.<br><br>GORE,<br><br>         Respondent. | Case No.: 20-cv-310-MMA (MSB)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

  Petitioner is a California prisoner serving a sentence of 22 years in state prison as a result of a March 10, 2010 conviction and June 3, 2010 sentence in San Diego Superior Court case number SCS 215653, proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Doc. No. 1. Petitioner is currently detained at the San Diego County Jail awaiting resentencing and claims the San Diego County Jail has violated his "civil rights" and denied him his "due process rights" by obstructing his

---

[1] With respect to the length of sentence and year of conviction and sentence, the Court takes judicial notice of the abstract of judgment against Petitioner, which was filed as a lodgment in a separate habeas corpus proceeding in this district. Doc. No. No. 28-2 at 42-45, CT 126-29, in S.D. Cal. Civil Case No. 13cv1193-GPC-PCL; *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

1

ability to proceed pro per by interfering with his access to legal resources, legal property, meaningful access to courts, and accommodations required by the Americans with Disabilities Act. *Id.* at 5–10. For the reasons discussed below, the Court **DISMISSES** the Petition without prejudice.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has not paid the $5.00 filing fee and has not filed an application to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis, the Petition is subject to dismissal without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## **ABSTENTION**

It is evident that Petitioner's criminal case is ongoing in the state courts. Petitioner indicates that his sentence has been reversed and the date of sentencing remains pending. Doc. No. 1 at 1. As such, the court is barred from considering those claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). The Ninth Circuit has explained that: "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate(s) important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek(s) to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Each of those criteria are satisfied here. Petitioner acknowledges that his criminal case is ongoing in state court. Doc. No. 1 at 1. There is no indication Petitioner is unable to petition the state courts for the relief he seeks; indeed, Petitioner indicates he has

several petitions, applications or motions pending in various state courts. *Id.* at 2–6. It is also clear that Petitioner's state criminal proceedings involve important state interests. Finally, given that Petitioner seeks, among other things, "complete reversal of conviction," *see id.* at 15, it is also evident that federal action would enjoin the ongoing state criminal proceeding. Accordingly, abstention is required. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

## CONCLUSION AND ORDER

The Court **DISMISSES** the Petition without prejudice for failure to submit either the required filing fee or request to proceed in forma pauperis and because the Court must abstain from interference in Petitioner's ongoing state criminal proceedings.[2]

**IT IS SO ORDERED.**

Dated: February 26, 2020

Hon. Michael M. Anello
United States District Judge

---

[2] To the extent Petitioner seeks to challenge the conditions of his confinement, he must do so, if at all, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (first quoting *Preiser*, 411 U.S. at 487; and then quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."). If Petitioner wishes to pursue claims concerning the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983 which will be given a new civil case number.